(Clarke County, O., Probate Court.)

HENRY E. BATEMAN, ADM'R. v. ANNA P. MORRIS et al.

A mortgagee bringing an action in the Court of Common Pleas in foreclosure on a deceased person's real estate, will not prevent the administrator of such deceased person from bringing an action in the Probate Court to sell the same property to pay debts etc., of the deceased, unless the administrator is made a party to the action in the Common Pleas Court.

Where courts have concurrent jurisdiction, that court shall retain jurisdiction which can afford to all parties the fullest and most complete relief.

---

ROCKEL, J.

Henry E. Bateman, administrator of Wm. H. Morris, filed his petition in this court to sell the real estate therein described, to pay debts of decedent and costs of administration, etc.

He alleges in his petition that there are debts due from said Morris, amounting to above $7200.00, funeral, etc., expenses $200.00 ;costs of administration, $300 ;widow's allowance, $1000; making a total of about $8700, and that the total value of personal property is about $3100.00. Said administrator therefore asks for an order to sell said real estate.

The defendants, John and Andrew Nicholson, have a mortgage claim on the real estate amounting to about $7000.00, the widow and all the heirs at law of said William H. Morris have been made defendants in this cause, as well as the said John and Andrew Nicholson. All of the defendants have either entered their appearance herein or have been legally served with summons. To this petition the said Nicholson's filed an answer, in which they allege that before the filing of the petition herein, they had filed their petition in the Court of Common Pleas of Clark county, Ohio, setting forth their mortgage referred to in said petition herein, and praying for a foreclosure of same and sale of said premises, to pay same, but not asking any personal judgment. That all the heirs at law of said Morris, deceased, and his widow, are parties defendant in the proceeding in the Common Pleas Court; that there is more personal property in the hands of said administrator than is sufficient to pay all the debts, funeral expenses, costs of administration, etc., not including the said claim secured by motgage on said premises; that the order prayed for in the petition is wholly unnecessary, and ask that the petition be dismissed.

To this answer a general demurrer is filed. The action brought by the Nicholson's in the Court of Common Pleas to foreclose their mortgage, while not specifically so stated, from the fact that the widow and heirs were made parties. it is presumed, and such is the admitted fact, was brought after the death of the mortgagor, Wm. H. Morris. It

is also presumed and an admitted fact, that they did not make H. E. Bateman, the administrator, a party to said action.

There is also but little doubt that over the matter in issue, the Probate Court and the Court of Common Pleas, have concurrent jurisdiciton. The principle therefore, upon which it is sought by the answer to dismiss the petition is: "When different courts have concurrent jurisdiction, the one before whom proceedings may be first had, and whose jurisdiction first attaches, must, necessarily, have authority paramount to the other courts, or rather, the action commenced shall not be abated by an action commenced between the same parties, in relation to the same subject in the same or any other court." (Quoted by J. Gholson, in Spinning, etc. v. O. L. I. T. Co., 2 D. 345, from Stearns v. Stearns, 16 Mars., 167-171.)

The question therefore rises, was there an action commenced between the same parties, in relation to the same subject, in the Court of Common Pleas at the time the petition was filed in this court? It is admitted that the administrator is not a party to the action brought in the Court of Common Pleas, but it is claimed that he is not a necessary party to that action, and therefore the Common Pleas Court could have acquired complete jurisdiction without his being made a party and summons issued for him. Whether or not an executor or administrator of a deceased mortgagor should be made a party in a suit in foreclosure, is passed upon in but one reported decision in Ohio. That is found in 1 Dis., 36, in the case of Hall v. Musler, in the Superior Court of Cincinnati, where that court consisted of those eminent, able and learned lawyers, Wm. G. Gholson, Oliver M. Spencer, and Bellamy Storer.

Here the question was directly passed upon, the court holding that such executor or administrator is a necessary party in a suit to foreclose a mortgage given by a deceased mortgagor. In the opinion Storer, J., says: "As there can be a judgment recovered on a bond or a note secured by the mortgage, against the personal representatives, if the payor is dead, and as the decree, when a foreclosure is asked, is for the sale of the property, there would seem to be every reason why the executor or administrator should be made a party. They alone, are supposed to know the state of the accounts between the original parties, as they have the custody of the decedent's papers; and as any balance, remaining due after the sale, must be paid from the general fund in their hands, they ought to be permitted to litigate the whole matter, as in any other case when a money demand is set up against the estate. The right of a mortgagee is to enforce a lien, not to recover an estate; to subject property to the payment of a debt—not to effect a title to land. * * *. In Ohio, the executor or administrator, by law is required to pay off the mortgage debts of decedent, whom they represent ac-

cording to priorities, and are therefore directly interested, as the English rule states it, in taking the account, as well as redeeming the estate; and it seems to me upon every proper principle, they should be made parties."

It is a well settled rule that in all actions seeking to enforce the personal contracts of a deceased person, that the administrator is a necessary party. In Evans v. Beaver, 3 O. C., 55, after quoting from 4 Ohio St. p. 612; 14 Ohio St. 212, and 36 Ohio St. 447, it is said: "These quotations would seem to indicate that the foreclosure of a mortgage in the enforcement of a personal contract, and which contract is executory."

This case was confirmed by the Supreme Court, 50 Ohio St. 29 Bull. 214, where the court says: "It is well settled that a mortgage is only a security for the performance of some obligation." If the foreclosure of a mortgage is the enforcement of a personal contract, the conclusion is irresistible that the administrator of W. H. Morris was a necessary party in the action commenced by the mortgagees in the Court of Common Pleas. There is another reason to my mind why the administrator should be made a party in a proceeding to foreclose a mortgage. The heir has a right to have the proceeds of the personal property of the deceased first applied in payment of this debt. It is the duty of the administrator to so apply it. It is also the right of the heir and the duty of the administrator to see that only so much land be sold as is sufficient to pay the debts. These are rights which can be properly enforced or protected by the administrator being a party to the suit, and seems to me that he is not only a proper, but a necessary party to a suit in foreclosure.

It is argued however, that even if the administrator be a necessary party, the Court of Common Pleas may still bring him in, order him to be made a party, and thus, the rights of all the parties be there determined. This no doubt is true. But if he is ordered to be made a party by the Court of Common Pleas, the action as to him can only date from the time summons is issued for him in obedience to such order, and therefore at the time the action was commenced in this court, no action was commenced as to him in the Court of Common Pleas.

The test of jurisdiction of a court has been said to be the right to begin the inquiry. When a court has jurisdicton of the subject matter of the parties, the bringing a suit or action in that court must be regarded as the beginning of the inquiry into the matter in controversy. But in the case at bar, the administrator is no party to the action brought in the Common Pleas, and therefore that court has no jurisdiction over him. He is not bound to know that there is a suit brought in the Common Pleas Court to foreclose a mortgage on his deceased's real estate, unless he be legally served with process. In the absence of such knowledge, it is his duty under sec.. 6139,

as soon as he shall "ascertain that the personal estate in his hands will be insufficient to pay all," not part but all the debts of deceased, with the allowance to the widow and children for their support twelve months and the charges of administering the estate, "to apply to the Probate Court or the Court of Common Pleas for authority to sell the real estate of the deceased." The fact that the mortgagees never presented their claim, if the administrator ascertained its existence, would not relieve the administrator from bringing his action. The allegation in the answer that the personal property is insufficient to pay all the debts, etc., other than the mortgage debt, can not now be accepted, for this is a fact that only can be determined by a due administration of the estate.

Admitting that the administrator is not a necessary party to the action brought by the mortgagees in the Common Pleas Court, and having failed to make him a party, what can there be to prevent him from bringing this action in this court? As to him there is no pending suit.

The rule lis pendens only binds claimants to the property involved who are impleaded, and their pendente lite purchasers. If they are not impleaded, they are at liberty to dispose of the res, and the purchaser will take it unaffected by the suit, although it be pending against parties other than the real owners. Lord Bacon's rule expressly provides that it should not bind "any one who is made no party," (13 Am. & Eng. Ency. of Law, 882.)

Can the right given the administrator be taken away from him by an action to which he is no party? Is he to be stripped of his privilege or relieved of his duty without his day in court? I think not.

The heirs of the deceased can not, so long as debts remain to be paid, defeat the right of the administrator to file his petition and sell so much of the real estate as will be sufficient to pay such debts. The administrator's right is paramount to the heirs'. This is well illustrated in Lafferty v. Shinn, 38 Ohio St., 46. In this case the heirs filed a suit in partition. The administrator filed an answer and cross-petition, asking that the premises be sold to pay debts of the decedent, and the court decided that he was entitled to such order. Without the administrator being a party to the action of the defendants brought in Common Pleas Court, that court can not afford as complete relief as can be afforded by action brought in this court.

The jurisdiction of this court is full, ample and complete. The moneys rising from the sale of both the real and personal property can be properly applied, in the proper order of priority, to the payment of debts, as provided by law. The property may be sold at private or public sale, while in the Common Pleas action, it can only be sold at public auction.

Where courts have concurrent jurisdiction that court should retain jurisdiction which

can afford to all parties the fullest and most complete relief. In the present instance that is this court. The defendants, Nicholson's, will have all their rights as well protected in this court as in their action in the Court of Common Pleas. While as the case now stands, the action in this court will better subserve the right of the administrator, the widow, the heirs and the general creditors.

As was said in Spinning, etc. v. O. L. I. & T. Co., 2 Dis. 385: "We cannot if we would surrender our jurisdiction over the subject in controversy, when we are satisfied we have a right to retain it, and our judgment is to be exercised to ascertain whether the rights exist."

Whether or not the administrator is a necessary party to the action commenced in the Common Pleas Court by the said Nicholson, so long as the fact remains that at the time he brought his action in this court, he was not a party to that action, he will not be barred from maintaining his action in this court.

The demurrer will therefore be sustained.
Keifer & Keifer, for Administrator.